Alphonso Nicholas Faggiolo.
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Plaintiff.*



# THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Case Number: 24-2292

Alphonso Nicholas Faggiolo
*Plaintiff,*

vs.

COUNTY OF DELAWARE, et al.,
*Defendants.*

## APPELLANT'S RESPONSE TO APPELLEES' MOTION FOR SUMMARY ACTION PURSUANT TO THIRD CIRCUIT LOCAL APPELLATE RULE 27.4(a)

Counsel for all named Appellees, Michael F. Schleigh, **failed to provide the Appellant a true and correct copy of his motion** [Docket No. 10 – Appellate Court], as was certified by Counsel on the 9th day of September 2024; wherefore Appellant was never provided a notice and opportunity to respond. **Counsel's motion contains ENTIRE paragraphs that attorney Michael F. Schleigh mindlessly copied and pasted from a completely different case**, making Counsel's legal conclusions, opinions, and incoherent ramblings, impossible to follow!

1.  **Paragraph 1 of Appellees' motion is DENIED:**

    1.1 Appellees' unfounded legal conclusion and opinion that the Appellant is a Taxpayer, **is not a statement of fact**. Appellees failed to make a legal argument that applied a law in support of a statement of fact. Appellees' motion

failed to provide facts to support their legal conclusion and opinion that the Appellant is a statutory Taxpayer under Commonwealth of Pennsylvania (hereinafter "Commonwealth") tax laws.

It's a fact that the Pennsylvania Legislature clearly defines the term "Taxpayer", used by the Appellees **20 times** in their motion, as: "***Taxpayer: A person or business required under this act to file a return of an income tax or to pay an income tax***. *The term includes a person or business that filed a return of taxable income during the prior year but that had no taxable income during the current year* ***and was required by the tax collector to file a final return*** *indicating why the person or business no longer has taxable income.* ***The term does not include a person or business with no taxable income, which person or business shall not be required to file a return of income or to pay an income tax under this act*** [Docket No. 1 ¶ 75]."[1] Appellant does not generate taxable income in the taxing districts and is not a person or business required to file returns with the Commonwealth, County of Delaware (hereinafter "County"), or Borough of Ridley Park (hereinafter "Borough") as defined by Pennsylvania Tax Reform Code of 1971 - Sections 215 and 216 **[Docket No. 1 ¶ 33]**.

> "*A person liable for a tax is a person subject to a tax and comes squarely within the definition of a taxpayer in the statue.*" **Houston Street Corp. vs. Commissioner, 84 F.2d 821, 822 (5th Cir. 1936).**

**1.2** The remainder of Appellees' statement in paragraph 1, has been **mindlessly copied and pasted by Attorney, Michael F. Schleigh, from a completely different case**, as *"municipal trash and water charges"* appear nowhere in the Appellant's complaint, and Appellant's complaint involves only *"one property"*, not three!

---

[1] Local Tax Enabling Act, The. Act of Dec. 31, 1965, P.L. 1257, No. 511

2. **Paragraph 2 of Appellees' motion is DENIED:**

    **2.1** Appellant incorporates paragraph 1.1 as if stated here in full, regarding Appellees' unsupported legal conclusion and opinion that Appellant is a statutory Taxpayer.

    **2.2** The remainder of Appellees' statement failed to make a legal argument by making a statement of fact and then supporting it with a law. Pathetically, attorney Michael F. Schleigh is attempting to use the term "**Sovereign**" [Docket No. 1 ¶ INTRODUCTION] in a pejorative context, in hopes of distracting the Court from the undeniable FACT that Schleigh and his Appellee clients, have **failed to place a single relevant evidentiary fact on the District Court record, and have failed to addresses any of the factual matters pled within the four corners of the Appellant's complaint [Docket No. 1].**

    Schleigh's entire defense for his clients relies on regurgitating "**buzz words**" such as "**Taxpayer**" (which he used 20 times in his purported motion) in hopes of **brainwashing, confusing, and distracting** the court from the simple fact that he and the Appellees are unable to show a process in law, that authorizes the County of Delaware to place a **non-commercial/non-business property** on an their "**ad valorem**" tax roll. Schleigh and the Appellees can pedantically call the Appellant a Taxpayer, but couldn't produce any evidentiary records, nor support their claims with any laws in a formal Pennsylvania Right To Know Law record request. Schleigh appears to be so devoid of knowledge in the matter before him, that he **carelessly and or maliciously** filed **unauthorized, unsigned, and unverified "property record cards"** into the District Court record, and falsely represented them to the District Court, as being legal property assessments of the Appellant's property, that were created in accordance with Pennsylvania Statutes Title 72 § 5341.13(c) [Docket No. 1 ¶ 55].

2.3 The County of Delaware and the Borough of Ridley Park are **Creatures of the State (property)**, which are literally stacks of papers, with no inherent powers or rights to do anything, beyond that which the Pennsylvania Assembly expressly grants to them; and whose entire existences depends on the whims of the Pennsylvania Assembly!

> "*As we noted in* **City of Philadelphia v. Schweiker, 579 Pa. 591, 605, 858 A.2d 75, 84 (2004), municipalities are creatures of the state and have no inherent powers** *of their own. Moreover, a municipality ordinarily lacks the power to enact ordinances except as authorized by statute... Id."* **Spahn v. Zoning Bd. of Adjustment, 922 A. 2d 24 - Pa: Commonwealth Court 2007**

> "*Political subdivisions of States -- counties, cities, or whatever --* **never were and never have been considered as sovereign entities**. *Rather, they have been traditionally regarded as* **subordinate** *governmental instrumentalities created by the State to assist in the carrying out of state governmental functions. As stated by the Court in* **Hunter v. City of Pittsburgh, 207 U. S. 161, 207 U. S. 178,** *these governmental units are "created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them," and the "number, nature and duration of the powers conferred upon [them] . . . and the territory over which they shall be exercised rests in the absolute discretion of the State."* **Reynolds v. Sims, 377 U.S. 533 (1964)**

> "*No such ideas obtain here; at the Revolution, the sovereignty devolved on the people, and they are truly the sovereigns of the country, but they are sovereigns without subjects, and have none to govern but themselves; the citizens of America are equal as fellow citizens, and as joint tenants in the sovereignty."* **Chisholm v. Georgia (US 1793)**

2.4 "**Property does not have rights. People have rights**. *The right to enjoy property without unlawful deprivation, no less than the right to speak, is in truth a "persons" right, whether the "property" in question be a welfare check, a home, or a savings account". "In fact, a fundamental interdependence exists between*

*the personal right to liberty and the personal property right. <u>Neither could have meaning without the other. The rights in property are the basic civil rights</u> has long been recognized. <u>Congress recognized these rights in 1871 when it enacted the predecessor of 42 U.S.C. 1983 and 1343(3)</u>." "We do no more than reaffirm the judgment of congress today."* **Lynch vs. Household Finance Corp., *405 U.S. 538 (1972)*.**

3. **Paragraph 3 of Appellees' motion is DENIED:**

    **3.1** Appellant incorporates paragraph 1.1 as if stated here in full, regarding Appellees' unsupported legal conclusion and opinion that Appellant is a statutory Taxpayer.

    **3.2** The remainder of Appellees' statement in regard to Appellant's filed causes of action, is a statement of fact, and requires no response.

4. **Paragraph 4 of Appellees' motion is DENIED:**

    **4.1** Appellant incorporates paragraph 1.1 as if stated here in full, regarding Appellees' unfounded legal conclusion and opinion that Appellant is a statutory Taxpayer.

    **4.2** The remainder of Appellees' statement, has been **<u>mindlessly copied and pasted by Counsel, Michael F. Schleigh, from a completely different case</u>**, as the *"damage amounts"* did not come from the Appellant's complaint! The statements are irrelevant to Appellant's complaint and require no response.

5. **Paragraph 5 of Appellees' motion is DENIED:**

    **5.1** All named Appellees, and their attorney, did file frivolous 12b(1) and 12b(6) motions that failed to address any material facts pled in the Appellant's

complaint, and the Appellees failed to file facts or evidence into the District Court record to prove up their unfounded legal conclusion and opinion, that the Appellant and his properties are subjects and objects of taxation under Commonwealth laws. It's fact that in accordance with the Pennsylvania Right to Know Law, Appellant submitted record requests to Appellee County of Delaware [Docket No. 1 ¶ 39-44], **requesting copies of the property assessments** required by **Pennsylvania Statutes Title 72 § 5341.13(c) - Assessment at actual value; determination of actual value** [Docket No. 1 ¶ 55] **and requested any tax returns filed by a taxpayer** required by the Local Tax Enabling Act [See ¶ 1.1] **and required by Pennsylvania Tax Reform Code of 1971 Sections 215 and 216** [Docket No. 1 ¶ 33], pertaining to Appellant's property. The County and all named Appellees failed to provide any copies of a property assessment or any tax returns filed by a taxpayer pertaining to the Appellant's non-commercial/non-business property; therefore all named Appellees' invocation of the Tax Injunction Act is not a legal argument, nor is it a responsive defense, as it's not a statement of fact supported by required records or by law, which renders all of the Appellees' 12b(1) motions as moot.

    **5.2** Pursuant to Title 28 U.S.C. § 1331, **this civil rights action arises under the violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by named Appellees**, and under Title 28 U.S.C. § 1343(a)(1)(2)(3)(4), because it is **brought for deprivations**, under **color of state law**, of rights, privileges and immunities **secured to the Appellant by the United States Constitution and the Constitution of Pennsylvania, under** Title 42 U.S.C. - § 1983, § 1982, § 1985, and § 1986, **to protect the Appellant's rights from willful oppression under color of law,** and to correct the wrongs inflicted upon Appellant by all named Appellees. Appellant's complaint pleads **many color of law actions** that are a deprivation of his constitutionally secured rights and his federally secured statutory rights, that were committed by all named Appellees. Clearly, the Appellant has stated a cause of action in his civil rights complaint, which renders all of the Appellees' 12b(6) motions as moot.

> *The defendants' motion to dismiss for failure to state a claim <u>unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record</u> which have not been presented in the form required by Rules 12(b)(6) and 56(c). <u>Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment.</u>*[2]

6.  **Appellees' <u>FIRST NUMBERED PARAGRAPH 6</u> motion is DENIED:**

    **6.1** Appellant incorporates paragraph 1.1 as if stated here in full, regarding Appellees' unsupported legal conclusion and opinion that Appellant is a statutory Taxpayer.

    **6.2** The <u>ENTIRE</u> paragraph of Appellees' **<u>FIRST NUMBERED PARAGRAPH 6</u>** statements, has been **<u>mindlessly copied and pasted by Counsel, Michael F. Schleigh, from a completely different case</u>**, as Appellees are talking about *"service of a complaint"*, *"writs of scire facias"*, *"MCTLA"*, and *"Court of Common Pleas"*, **<u>NONE of which is in the Appellant's complaint</u>**! The statements are irrelevant to Appellant's complaint and require no response.

    **Appellees' <u>SECOND NUMBERED PARAGRAPH 6</u> motion is DENIED:**

    **6.3** The Appellees' **<u>SECOND NUMBERED PARAGRAPH 6</u>** statements, has been **<u>mindlessly copied, pasted, and blended, by Counsel, Michael F. Schleigh, from a completely different case</u>**, as Appellees are talking about, *"an order on 10/31/2023 granting 12(b) motions"*, *"Municipal Claims and Tax Liens Act"*, and *"liens on properties, including the sewer and water charges"*, **<u>NONE of which is in the Appellant's complaint, nor have anything to do with Appellant's complaint</u>**! The statements are irrelevant to Appellant's complaint and require no response.

---

[2] Trinsey v. Pagliaro, 229 F. Supp. 647

7. **Paragraph 7 of Appellees' motion is DENIED:**

    7.1 Appellant incorporates paragraph 1.1 as if stated here in full, regarding Appellees' unsupported legal conclusion and opinion that Appellant is a statutory Taxpayer.

    7.2 The remainder of the Appellees' paragraph 7 statement is also an unsupported legal conclusion and opinion, **not a statement of fact**. Appellees' failed to make a legal argument by making a statement of fact and supporting it with a law. It's a fact that, *"The Constitution prevents Congress from "withdrawing from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law." **Murray's Lessee v. Hoboken Land & Improvement Co.**,* **18 How. 272, 284**. *Once such a suit "is brought within the bounds of federal jurisdiction,"* **an Article III court must decide it, with a jury** *if the Seventh Amendment applies, citing **Stern v. Marshall**,* **564 U. S. 462, 484**. **If a suit is in the nature of an action at common law**, *then the matter presumptively* **concerns private rights, and adjudication by an Article III court is mandatory**. ***Stern*, 564 U. S., at 484.** " *Jarksy V SEC* **(603 US 2024).**

> *"We think it plain that Congress would have rejected as utterly inconsistent with the remedial purposes of its broad statute the notion that a* **State could require civil rights victims to seek compensation from offending state officials before they could assert a federal action in state court".** *Zizka vs. Water Pollution Control Auth*, **195 Conn 682, 490 A. 2d 509, 513 (1985).**

> *The revenue laws "relate to taxpayers, and* **not to nontaxpayers. *The latter are without their scope.* No procedure is prescribed for nontaxpayers,** *and* **no attempt is made to annul any of their rights** *and remedies in due course of law. With them Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws.* **The instant suit is not to restrain assessment or collection of taxes** *of Wise,* **but is to enjoin trespass upon property of plaintiff**, *and against whom no assessment had been made, and of whom no collection is sought. "**First National Bank of Emlenton, Pa. vs. United States**,* **161 F. Supp. 844 (W.D. Pa. 1958).**

> *It is equally well settled that the Revenue laws relate only to taxpayers. <u>No procedure is prescribed for a nontaxpayer</u> Oil City National Bank vs. Dudley*, 198 F. Supp. 849 (W.D. Pa. 1961).

8. **Paragraph 8 of Appellees' motion is DENIED:**

    **8.1** Appellant incorporates paragraph 1.1 as if stated here in full, regarding Appellees unsupported legal conclusion and opinion that Appellant is a statutory Taxpayer.

    **8.2** Appellees' citation of *Smiles v. County of Berks*, **778 Fed. Appx. 84 (3d Cir. 2019)**, is frivolous as it appears Smiles <u>**filed the same deficient suit THREE different times,**</u> and the court found that: *"Smiles v. Shaw, E.D. Pa. Civ. No. 17-cv-01355, <u>was dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii),</u> and because <u>it failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Smiles did not file an amended complaint, despite being invited to do so. A few months later, however, he filed a nearly identical complaint, captioned Smiles v. County of Berks</u>, and docketed at E.D. Pa. Civ. No. 17-cv-03543. <u>That complaint was dismissed for the same reasons, and because Smiles "may not initiate duplicative cases against the same defendants in the same court."</u> Smiles v. County of Berks*, **2017 WL 3496486, at *2 (E.D. Pa. Aug. 14, 2017**". These deficiencies raised by the court as the reason for dismissal of *Smiles v. County of Berks*, **DO NOT EXIST** in the Appellant's complaint [Docket No. 1].

    **8.3** Appellees' citation of *Himchak v. Attorney General Pennsylvania*, **622 Fed. Appx. 99 (3d Cir. 2015)** is frivolous. Himchak <u>**was a resident**</u> that alleged that the County's property taxes are unconstitutional, and sought an order from the District Court declaring property taxes unconstitutional in all Commonwealth counties. <u>**It's a FACT**</u> that Appellant is not *"A person or business domiciled in the political subdivision (Borough of Ridley Park) levying*

*the tax"*, and defined as a <u>"Resident"[3]</u> under the law. Unlike Himchak, Appellant has <u>**NEVER argued that taxes are unconstitutional for statutory Taxpayers**</u> as defined by law, only that ALL Appellees in this instant matter have acted under the color of law, and have mis-used, abused, and perverted, the actual language of the Commonwealth tax code, against the Appellant and his properties, for financial gain. Further, unlike Himchak, Appellant has <u>**NEVER asked the court for an order declaring property taxes unconstitutional for statutory Taxpayers**</u> as defined by law. Appellees court citation is irrelevant to Appellant's civil rights suit!

WHEREFORE, <u>every paragraph</u> of the Appellees' purported Local Rule 27.4(a) motion <u>**is a Federal Rule 27 violation of Appellate Procedure!**</u> In addition, the motion is frivolous and intended only to further delay Appellant's appeal, <u>**which it now has done AGAIN**</u>, and needs to be dismissed immediately! It's both shocking and pathetic that such a <u>**shoddy motion**</u>, containing 4 paragraphs <u>**(out of 9 total = 44%)**</u>, which <u>**were copied and pasted from a completely different case**</u>, was filed by Michael F. Schleigh, <u>**a licensed Pennsylvania attorney**</u>! It's even more shocking that <u>**the CLERK of this Appellate court**</u> would issue a STAY of the Appellant's Appeal for this <u>**INCOMPETENT, NONSENSICAL, GARBAGE**</u>! This case has been going on for <u>**17 MONTHS NOW**</u> because of repeated, incompetent, nonsensical garbage filings, <u>**just like Schleigh's Local Rule 27.4(a) purported motion**</u>; which served no other purpose than to delay, obfuscate, and avoid having to answer the Appellant's civil rights complaint, pursuant to the Federal Rules of Civil Procedure!

<u>**The Appellant OBJECTS to the Clerk's issued stay**</u>, and moves this court to not only immediately <u>**lift the stay**</u>, but requests the honorable judges of this Appellate court to REMAND this case back to the District Court–*<u>sua sponte</u>*, for issuance of a Summary Judgement for the Appellant, for the Appellees'

---

[3] THE LOCAL TAX ENABLING ACT, Act of Dec. 31, 1965, P.L. 1257, No. 511, Section 501. Resident.

FAILURE to answer the complaint pursuant to the Federal Rules and for their FAILURE to show on the District Court record or the Appellate Court record, that there is a genuine issue of material fact for any matters pled in the Appellant's complaint [Docket No. 1]. Appellant is entitled to summary judgment as a matter of law under Fed. R. Civ. P. Rule 56 (a), (c)(1)(B), (c)(2), and (c)(4).

## *Submitted this 3rd day of October 2024.*

*[signature]*
_____
Alphonso Nicholas Faggiolo
*Appellant.*

### Certificate of Service

I, Alphonso Nicholas Faggiolo, certify that on the 3rd day of October, 2024, a true and correct copy of the above was mailed via U.S.P.S. to:

HARDIN THOMPSON, P.C.
Michael F. Schleigh, Esquire, ID # 88407
Wells Fargo Building
123 S. Broad Street, Suite 2235
Philadelphia, PA 19109
*Counsel for Appelleess*

by *[signature]*
_____
Alphonso Nicholas Faggiolo