Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Appellant.*

# THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| Alphonso Nicholas Faggiolo<br>*Appellant,*<br><br>vs.<br><br>COUNTY OF DELAWARE,<br>DELAWARE COUNTY TAX<br>CLAIM BUREAU, JOHN VAN<br>ZELST, KAREN DUFFY,<br>SUSAN BROCHET<br>*Appellees.* | **Case Number:** 24-2292 |

# APPELLANT'S MOTION TO STRIKE APPELLEES' LOCAL RULE 27.4(a) MOTION, AS UNTIMELY

# APPELLEES' MOTION IS UNTIMELY

1.     Appellant, Alphonso Nicholas Faggiolo, filed an Informal Appellate Brief **[Docket No. 8 – Appellate Court]** on the 3rd day of September 2024, pursuant to Federal Rules of Appellate Procedure 31(a)(1) - Serving and Filing Briefs.

2.     Appellees' **"MOTION FOR SUMMARY ACTION OF APPELLEES, COUNTY OF DELAWARE, DELAWARE COUNTYY TAX CLAIM BUREAU, JOHN VAN ZELST, KAREN DUFFY, AND SUSAN BROCHET, PURSUANT TO THIRD CIRCUIT LOCAL APPELLATE RULE 27.4 (a)"** **[Docket No. 10 – Appellate Court]** filed

with this Court on the 9th day of September 2024 is CLEARLY untimely pursuant to Federal Rules of Appellate Procedure rule 27.4 (b)**!**

> **Federal Rules of Appellate Procedure**
> **27.4 Motions for Summary Action**
> **(b)** Except for a change in circumstances or a change in law, **motions for summary action** or dismissal **should be filed before appellant's brief is due**. The court or the clerk may at any time refer a motion for summary action to a merits panel and direct that briefs be filed.

**3.**     Appellees' motion for summary action **[Docket No. 10 – Appellate Court]** was clearly not filed **before appellant's brief was due in accordance with** Federal Rules of Appellate Procedure rule 27.4 **(b).**

*Wherefore,* Clerk, Patricia S. Dodszuweit's, Order **[Docket No. 11 – Appellate Court]** filed on the 11th day of September 2024, was implemented in noncompliance with the Federal Rules of Appellate Procedure and is CLEARLY void on its face and must be stricken. (**See Exhibit A***)*

*Therefore,* Appellees' motion for summary action **[Docket No. 10 – Appellate Court]** is void on its face and must be stricken for the failure to comply with the Federal Rules of Appellate Procedure.

## APPELLEES' FAILED TO FILE A BRIEF PURSUANT TO F.R.A.P. 31(a)(1)

**4.**     The Federal Rules of Appellate Procedure 31(a) – "Serving and Filing Briefs" states, "*__The appellee must serve and file a brief within 30 days after the appellant's brief is served__*".

> **Federal Rules of Appellate Procedure**
> **Rule 31. Serving and Filing Briefs**
> (a) **Time to Serve and File a Brief.**
> (1) The appellant must serve and file a brief within 40 days after the record is filed. **The appellee must serve and file a brief within 30 days after the appellant's brief is served.** The appellant may serve and file a reply brief within 21 days after service of the appellee's brief but a reply brief must be

filed at least 7 days before argument, unless the court, for good cause, allows a later filing.

**5.** The Federal Rules of Appellate Procedure Local Rule 27.4 states that "***The filing of a motion for summary action does not stay the regular briefing schedule set forth in FRAP 31(a)***".

**6.** It is a FACT that **Appellees' failed to file a reply brief** by the 3rd day of October 2024, as was designated by this court's briefing schedule **[Docket No. 5 – Appellate Court]**, issued on the 23rd day of July 2024.

# CONCLUSION

**7.** Attorney Michael F. Schleigh, Esquire, BAR ID # 88407, acting as counsel for the COUNTY OF DELAWARE, DELAWARE COUNTY TAX CLAIM BUREAU, and all named individual Appellees, can call Appellant, Alphonso Nicholas Faggiolo, a taxpayer all they want.

**8.** *It is a FACT that* Attorney Michael F. Schleigh, Esquire, BAR ID # 88407 and Appellees COUNTY OF DELAWARE, DELAWARE COUNTYY TAX CLAIM BUREAU, and all named individual Appellees, have **FAILED to provide and produce any evidence** that would clearly prove-up that Appellant/Plaintiff Alphonso Nicholas Faggiolo **is a "**<u>TAXPAYER</u>**" by statutory definition** within the meaning of Title 28 U.S.C. **§** 1341**.**

> *"And by statutory definition the term **"taxpayer"** includes any person, trust or estate subject to a tax imposed by the revenue act. ...**Since the statutory definition of taxpayer is exclusive**, the federal [and state] courts **do not have the power to create nonstatutory taxpayers** for the purpose of applying the provisions of the Revenue Acts..."*. ***Commissioner of Internal Revenue vs. Trustees of L. Inv. Ass'n,*** 100 F.2d.18 (7th Cir 1939)**.**

# THE RULE OF LAW

**9.** The Courts can't force an injured person, either a Nontaxpayer or a Taxpayer, to seek satisfaction from those alleged to have caused the injury in the first place!

> *"The **statute's** plain text suggests that the Tax Injunction Act, 28 USC § 1341 is not all-inclusive and that Congress intended only to address instances restraining the collection of a tax. "<u>Nowhere does the Tax Injunction Act legislative history announce a sweeping congressional direction to prevent federal-court interference with all aspects of state tax administration.</u>"" **Hibbs vs. Winn,** 542 U.S. 88, 105 (2004).*

**10.** 42 U.S.C. § 1983 creates a federal cause of action against persons who, under color of state law, deprive another of rights, privileges, or immunities secured by the Constitution and laws.

> *Section 1983 provides a private cause of action for damages and declaratory and injunctive relief to those deprived of "any rights, privileges, or immunities secured by the Constitution and laws."* **Chapman vs. Houston Welfare Rights Org,** *441 U.S. 600, 617 (1979). Consequently, to define the scope of Section 1983, one must look at the underlying constitutional and statutory provisions.* <u>*Unconstitutional state taxation falls within the ambit of Section 1983 because the exaction results in a deprivation of federal rights under state law.*</u> *State taxing schemes have been challenged under a variety of constitutional provisions: First Amendment rights,* **West Va State Bd of Educ vs. Barnette**, *319 U.S. 624 (1943),  Fourteenth Amendment equal protection,* **Brown vs. Board of Educ**, *347 U.S. 483 (1954), Fourteenth Amendment due process clause property rights,* **Lynch vs. Household Fin Corp,** *405 U.S. 538 (1972) and rights secured under the privileges and immunities clause,* **International Org of Masters vs. Andrews,** *831 F 2d 843 (9th Cir 1987) all have been held to be actionable under Section 1983.*

> For examples of section 1983 tax-related damage actions, see **Fulton Mkt. Cold Storage Co. vs. Cullerton**, 582 F.2d 1071 (7th Cir. 1978), cert. denied, 99 S. Ct. 1033 (1979); **Bland vs. McHann**, 463 F.2d 21 (5th Cir. 1972), cert. denied, 410 U.S. 966 (1973); **Evangelical Catholic Communion, Inc. vs. Thomas**, 373 F. Supp. 1342 (D. Vt. 1973), aff'd mem., 493 F.2d 1397 (2nd Cir. 1974).

**11. Enforcement of the constitutional rights specified in Appellant's/Plaintiff's civil rights complaint [Docket No. 1 – District Court] is in the public interest.**

**12.** **It is a FACT that** Appellees/Defendants have failed to defend this case!

# RELIEF SOUGHT

*THEREFORE,* **Appellant/Plaintiff requests that the appeals court** strike Appellees' untimely Local Court Rule 27.4(a) Motion for Summary action **[Docket No. 10 – Appellate Court] and find that the lower Court's order [Docket No. 24 – District Court] dismissing Appellant's Civil Rights suit was inappropriate for the facts stated in Appellant's** "**INFORMAL BRIEF**" **[Docket No. 8 – Appellate Court], and remand back to the lower Court for summary judgment to be issued** as a matter of law under Fed. R. Civ. P. Rule 56 (a), (c)(1)(B), (c)(2), and (c)(4)**.**

## *Submitted this 23rd day of October 2024.*

                                                                     Alphonso Nicholas Faggiolo
                                                                             *Appellant.*

## *Certificate of Service*

I, Alphonso Nicholas Faggiolo, certify that on the 23rd day of October, 2024, a true and correct copy of the above was mailed via U.S.P.S and emailed to:

Michael F. Schleigh
Hardin Thompson, P.C.
Wells Fargo Building
123 South Broad Street, Suite 2235
Philadelphia, PA 19109
mschleigh@hardinlawpc.net

                                                        by
                                                        Alphonso Nicholas Faggiolo

# Exhibit A

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. **24-2292**

Faggiolo v. County of Delaware

To:    Clerk

    1)    Motion by Appellee for Summary Action

    In light of the foregoing motion for summary action the briefing schedule is hereby stayed pending disposition. The motion for summary action and any response are referred to a motions panel.  If the motion for summary action is denied or referred to the merits panel, Appellee's brief must be filed and served within thirty (30) days of the date of the order denying or referring the motion.

For the Court,

s/ Patricia S. Dodszuweit
Clerk

Dated: September 11, 2024
CLW/cc: Mr. Alphonso Nicholas Faggiolo
       Michael F. Schleigh, Esq.